UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-MJ-0019 |
| | : | |
| WILLIAM NICHOLS, | : | |
| | : | |
| Defendant. | : | |

**JOINT MOTION FOR CONTINUANCE**

The United States of America, through undersigned counsel, and defendant William Nichols, through counsel, hereby move this Court for a 45-day continuance of the status conference set for April 14, 2023, and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv) from the date this Court enters an Order on this motion through and including the date of the next hearing.

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

      (i)       Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

      (ii)     Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

           . . .

      (iv)    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)). Finally, an interests-of-justice finding is within the discretion of the Court. *See, e.g.*, *United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

      The parties seek a continuance to allow additional time to produce and review discovery and to engage in plea negotiations. To date, the Government has provided relevant individualized discovery and global discovery to defense counsel, and the parties been reviewing the relevant discovery. However, another round of discovery will be produced in the short term, and the parties require time to review that discovery. The parties have preliminarily discussed plea negotiations and require additional time for those continued negotiations.

      In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). The parties would like to continue to review the voluminous discovery, and request additional time to do so.

Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and defendants in a speedy trial.

WHEREFORE, the parties respectfully request that this Court grant the motion to continue the Status Hearing set for April 14, 2023, and for an additional 45 days from the date this Court enters an Order on this motion through and including the date of the next hearing, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: \_\_\_/s/_____
Ashley Akers
Trial Attorney
MO Bar No. 69601
Detailed to the U.S. Attorney's Office
601 D Street NW
Washington, DC 20001
(202) 353-0521
Ashley.Akers@usdoj.gov